## Case No. 17,185.

### WARNER et al. v. MAYER.

[23 Int. Rev. Rec. 234.]

Circuit Court, D. Massachusetts. 1877.

SALE OF TOBACCO—DEFECTIVE CONDITION.

The facts in this case were as follows: Some time in the fall of 1874 Mr. L. Mayer, member of the leaf firm J. Mayer's Sons, New York City, purchased a crop of 1874 tobacco from E. S. and W. Warner, Hatfield, Mass., who are the plaintiffs in this action. It being, to all appearances, a fine crop, a high figure was paid for this tobacco by defendant, L. Mayer. The tobacco, after having been packed into cases by plaintiffs, was tendered to the defendant, who upon examination found a portion of the same to be rotten, apparently from the free use of a sprinkling can. He (defendant) thereupon refused to accept the tobacco, but signified his willingness to accept it if the damaged part would be taken out of the lot, and that the price he should pay for the damaged part would be left to an arbitration. To this proposal the plaintiffs agreed, and documents to that effect were drawn up and properly signed by both plaintiffs and defendants; shortly thereafter though, for some reason unexplained, plaintiffs refused to comply with these last terms, and brought suit in their district courts against J. Mayer's Sons for the purpose of forcing the last named firm to accept the tobacco in its rotten condition, claiming that such condition was produced by the action of atmosphere or some unknown cause. On motion of the attorneys of J. Mayer's Sons, the case was transferred to the United States courts at Boston and tried.

The most important point developed during the trial was the admission of the plaintiffs of having wetted the tobacco previous to packing it into cases. Witnesses for the complainants testified that the tobacco did not rot from having been wetted. Experts called by the defendants gave their opinion, though, that the tobacco did rot from having been wetted, and that no leaf tobacco could rot unless it had previously been in a wet condition. Notwithstanding the damaging testimony to their own case given by plaintiffs themselves, and the important and correct views of the experts, verdict was rendered by the jury in favor of plaintiffs.